IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SYLVIA LAWSON                                                                                                   PLAINTIFF

V.                                              CIVIL NO. 1:12-cv-1092

CITY OF CAMDEN, ARKANSAS;
JOHN PARKER, Individually and
in his Official Capacity as a
Police Officer for the City of
Camden, Arkansas; WILLIAM
O'KEEFE, Individually and in his
Official Capacity as Chief of Police,
Camden, Arkansas; JOHN DOES 1-10
in their Individual and Official Capacities
as Jailers of Ouachita County, Arkansas;
DAVID NORWOOD, Individually
and in his Official Capacity as Sheriff of
Ouachita County, Arkansas; and JOHN
DOES 11-20 in their Individual and
Official Capacities as Jailers of
Hempstead County, Arkansas                                                                            DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Sylvia Lawson ("Lawson") filed a Complaint (ECF No. 1) against Defendants the City of Camden, Arkansas ("the City"); John Parker ("Officer Parker"); William O'Keefe ("Chief O'Keefe"); and David Norwood ("Norwood").[1] Plaintiff Lawson alleges that Defendants violated her constitutional rights when she was mistakenly arrested. Before the Court is Defendants' Motion for Summary Judgment. (ECF No. 30). Plaintiff Lawson has

---

[1] Plaintiff moved to dismiss Defendant Norwood in his individual and official capacity. (ECF No. 38). This Court granted Plaintiff's Motion to Dismiss. (ECF No. 39). Additionally, in Plaintiff's Response, Plaintiff did not contest summary judgment for Chief O'Keefe. (ECF No. 36). The Court grants Defendants' summary judgment for all claims against Chief O'Keefe. Accordingly, the only claims addressed in this memorandum opinion are Plaintiff's claims against Officer Parker and the City.

1

responded. (ECF No. 35). Defendants have replied. (ECF No. 41). The Court finds the matter ripe for consideration.

## BACKGROUND

On February 29, 2012, Officer John Parker was dispatched to the Wal-Mart store in Camden regarding a possible shoplifting. Officer Parker arrived at the store and spoke with the assistant manager. The manager gave Officer Parker a clothing description of Lawson and directed him to Lawson's location in the store. Officer Parker questioned Lawson and found no evidence that she had shoplifted.

Officer Parker then asked Lawson for her identification card. Lawson told Officer Parker that her identification card was inside her car in the Wal-Mart parking lot. In response, Officer Parker asked Lawson for her full name and date of birth. Officer Parker then radioed the dispatcher with the information provided by Lawson and requested a warrant check. The dispatcher asked Officer Parker to standby for verification because Lawson likely had a warrant for her arrest. When Officer Parker received this information, he handcuffed Lawson and informed her of the possible warrant. Lawson contested that Office Parker had the wrong person.

About ten minutes after Lawson was handcuffed, Officer Parker received confirmation from the dispatcher that Lawson had a hot-check-violation warrant for her arrest out of Hempstead County. Officer Parker then escorted Lawson to the parking lot where his car was parked. According to Lawson, she continued to contest the arrest and asked Officer Parker if she could retrieve her identification card from her car to prove her innocence; however, Officer Parker denied her request. Officer Parker does not remember whether this conversation occurred.

Officer Parker then transported Lawson to the Ouachita County Jail for booking and to await transport to Hempstead County. According to Lawson, when she arrived at the jail, the jailor told Officer Parker that he had arrested "the wrong person." (ECF No. 35-2). Even so, the jailer proceeded to book Lawson. Officer Parker does not recall whether this encounter with the jailer occurred.

Lawson spent the night in the Ouachita County Jail, and the next morning Lawson was transported to the Hempstead County Jail. On that same day, Lawson appeared before a judge, who gave her a court date, and she was released on her own recognizance. At her court appearance, the judge determined that the warrant was for a different individual with Lawson's exact name and dismissed the case. Lawson filed suit in this Court against Officer Parker and the City for her injuries caused by the mistaken arrest.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that: "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is

genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

Lawson's claims may be grouped into two types for the purpose of summary judgment analysis: section 1983 claims and state law claims. The Court will now address each type of claim.

### A. Section 1983 Claims

Under 42 U.S.C. § 1983, a citizen is authorized to file suit against anyone who, under color of law, deprives the citizen of "any rights, privileges or immunities secured by the Constitution." 42 U.S.C. § 1983. Lawson has brought suit under this statute claiming constitutional violations resulting from the mistaken arrest. Specifically, Lawson has alleged claims against: (1) Officer Parker in his individual and official capacity; and (2) the City.

#### 1. Officer Parker in his Individual Capacity

Lawson argues that Officer Parker violated her Fourteenth Amendment rights when he mistakenly arrested Lawson and prohibited her from retrieving her identification from her

4

vehicle to prove her innocence. On the other hand, Officer Parker argues that he did not violate Lawson's constitutional rights because he arrested Lawson pursuant to a valid arrest warrant.

The Fourteenth Amendment does not protect against all deprivations of liberty. *Baker v. McCollan*, 443 U.S. 137, 145 (1979). It protects only against deprivations of liberty accomplished "without due process of law." *Id.* "A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers is entirely consistent with 'due process of law.'" *Id.* Given the requirements that an arrest be made only upon probable cause and that the individual detained be accorded a speedy trial, an officer executing a valid arrest warrant is not required by the Constitution "to investigate independently…claim[s] of innocence…based on mistaken identity." *Id.* "The ultimate determination of such claims of innocence is placed in the hands of the judge...." *Id.*

Eighth Circuit cases demonstrate this rule of law. *See, e.g.*, *Young v. City of Little Rock*, 249 F.3d 730, 735 (8th Cir. 2001); *Lane v. Sarpy County*, 165 F.3d 623, 624 (8th Cir. 1999); *Johnson v. City of St. Paul*, 634 F.2d 1146, 1147 (8th Cir. 1980). In *Johnson v. City of St. Paul*, the Eighth Circuit held that the plaintiff failed to allege a section 1983 claim when the plaintiff was mistakenly arrested by officers. 634 F.2d at 1146. Officers encountered the plaintiff in a public park and asked for his identification. *Id.* The plaintiff presented his employment badge because he did not have his driver's license on him. *Id.* His name, Robert Lee Johnson, appeared on the badge. *Id.* Officers radioed headquarters for a warrant check and were informed there was an outstanding warrant for Robert Lee Johnson. *Id.* Officers took the plaintiff to the police department where he was booked on the charge in the warrant. *Id.* He was released when he posted bail and was given a court date. *Id.* At his court appearance, a judge discovered that the plaintiff was not the Robert Lee Johnson sought in the warrant and dismissed the charges. *Id.*

The plaintiff then brought a section 1983 action alleging that the officers violated his constitutional rights because they failed to make efforts to determine the validity of his mistaken identity claim. *Id.* at 1147. The Eighth Circuit held that the plaintiff failed to allege a violation because the plaintiff was arrested pursuant to a valid warrant and the officer had no duty to investigate a claim of innocence. *Id.*

Similarly, in the instant case, Lawson has failed to allege a section 1983 claim against Officer Parker for the mistaken arrest. Officer Parker arrested Lawson pursuant to a valid arrest warrant.[2] Even though Lawson protested her arrest and claimed her driver's license would prove her innocence, Officer Parker had no duty to investigate her claim. The ultimate determination of Lawson's claim of innocence was in the judge's hands, and the judge dismissed the claim against Lawson after discovering the mistake. Thus, because the Constitution did not require Officer Parker to investigate Lawson's claim of mistaken identity, Lawson fails to allege a section 1983 claim.

### 2. Officer Parker in his Official Capacity and the City

Lawson claims that Officer Parker is liable in his official capacity for the mistaken arrest. A suit against a person in his official capacity is treated as a suit against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, the Court will discuss Lawson's claim against Officer Parker in his official capacity collectively with Lawson's claims against the City.

Lawson asserts that the City violated her constitutional rights because it failed to adequately train and supervise Officer Parker. The Eighth Circuit has "consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). Lawson has failed to establish that Officer Parker violated Lawson's constitutional rights

---

[2] Lawson does not contest the validity of the arrest warrant.

by the mistaken arrest. Therefore, Lawson cannot maintain a claim against the City or Officer Parker in his official capacity.

### B. State Law Claims

In addition to her section 1983 claims, Lawson alleges violations of the Arkansas Constitution and state tort law. Because Officer Parker and the City are entitled to dismissal of Lawson's section 1983 claims, which constitute the basis for this Court's exercise of federal jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See Carnegie-Mellon University of Cohill*, 484 U.S. 343, 350 (1988).

### CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's section 1983 claims against Officer Parker, Chief O'Keefe, and the City, and these claims are **DISMISSED WITH PREJUDICE**. As to the state law claims, the Court declines to exercise supplemental jurisdiction, and these claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 3rd day of October, 2013.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge